**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**


**MELISSA FIKES,**
**DARLA NORMAN,**
**DONTAE TEEL,**
**FERNANDO FUENTES,**
**ILIANA LOPEZ,**
**LAURA MARQUEZ,**
**LUIS SERRANO,**
**MARIELY SUAREZ,**
**MARTIZA ALVARDO,**
**MAYRA MARIN,**
**MICHELLE NELSON,**
**MONIQUE WILCOX,**
**STEVEN MORALES,**
**TODIEA ROBINSON,**
**YARITZA LOPEZ**
**YEMMY GUTIERREZ,**
**ALEJANDRO ACOSTA**

  **Plaintiffs**


**v.**               **Civil Action No.**


**ARS ACCOUNT**
**RESOLUTIONS**



**And;**              **Complaint**

                 **and;**


**EXPERIAN INFORMATION**    **Demand for Jury Trial**
**SOLUTIONS, INC.**

  **Defendants**


1

**COMPLAINT**

NOW COMES Plaintiffs, **MELISSA FIKES, DARLA NORMAN, DONTAE TEEL, FERNANDO FUENTES, ILIANA LOPEZ, LAURA MARQUEZ, LUIS SERRANO, MARIELY SUAREZ, MARTIZA ALVARADO, MAYRA MARIN, MICHELLE NELSON, MONIQUE WILCOX, STEVEN MORALES, TODIEA ROBINSON, YARITZA LOPEZ, YEMMY GUTIERREZ, ALEJANDRO ACOSTO** (hereafter the "Plaintiffs) by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

**JURISIDICTION AND VENUE**

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because all defendants in this matter reside in the state of Texas as defined under 28 U.S.C. §1391 (c)(2).

## PARTIES

4.     Plaintiffs are all natural persons and residents and citizens of the United States of America.   Plaintiffs are "consumers" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC, (hereafter **EXPERIAN**) is a foreign For-Profit Corporation registered to do business and doing business in Texas.  Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6.     Defendant, **ARS ACCOUNT RESOLUTIONS**, (hereinafter **ARS**), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

7.     Plaintiffs   incorporates the foregoing paragraphs as though the same were set forth at length herein.

8.     EXPERIAN did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

## PLAINTIFF'S DISPUTES

9.       Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

a) **MELISSA FIKES**        **Disputed ARS Acct# 735441xx on Feb 2, 2018**

b) **DONTAE TEEL**        **Disputed ARS Acct# 72008098 on May 31, 2017**

c) **FERNANDO FUENTES**  **Disputed  ARS  Accts#  80003699,  80507797, 83432832 on Nov 8, 2017**

d) **ILIANA LOPEZ**        **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

e) **LAURA MARQUEZ**        **Disputed  ARS  Accts#  72169143,  80359042, 81793376 on Aug 23,2017**

f) **LUIS SERRANO**        **Disputed ARS Acct# 81403497 on Dec 22, 2017**

g) **MARIELY SUAREZ**        **Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

h) **MARTIZA ALVARADO**  **Disputed ARS Acct# 82253101 on July 27, 2017**

i) **MAYRA MARIN**        **Disputed ARS Acct# 80142953 on Apr 17, 2017**

j) **MICHELLE NELSON**        **Disputed ARS Acct# 80100432 on Sept 28, 2017**

k) **MONIQUE WILCOX**        **Disputed ARS Acct# 71821711 on May 30, 2017**

l) **STEVEN MORALES**        **Disputed  ARS  Accts#  73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107**

m) **TODIEA ROBINSON**  **Disputed  ARS  Accts#  81381357,  74510611, 74510609 on Jun 5, 2017**

n) **DARLA NORMAN**        **Disputed ARS Acct# 73141454 on Sept 26, 2017**

    **o)  YARITZA LOPEZ**       **Disputed ARS Acct# 728746687 on Jul 27, 2017**

    **p)  YEMMY GUTIERREZ**  **Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017**

    **q)  ALEJANDRO ACOSTA**  **Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017**

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act. It should be noted that EXPERIAN uses the terms "Reported Since" and "First Reported" interchangeably on its reports depending on whether they are obtained online or through the mail. Therefore "Reported Since" and "First Reported" will be used interchangeably throughout this Complaint to refer to the same data field in Plaintiff's Experian credit report.

10. As a result of Plaintiffs disputes, they received new credit reports on the following dates from Experian:

    **a)  MELISSA FIKES**       **New Experian report obtained on Mar 13, 2018 displaying the results of their dispute of the ARS account.**

    **b)  DONTAE TEEL**       **New Experian report obtained on June 16, 2017 displaying the results of their dispute of the ARS account.**

    **c ) FERNANDO FUENTES**  **New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.**

    **d)  ILIANA LOPEZ**       **New Experian report obtained on Nov 06, 2017 displaying the results of their dispute of the ARS account.**

**e) LAURA MARQUEZ** **New Experian report obtained on Nov 01,2017** displaying the results of their dispute of the ARS account.

**f) LUIS SERRANO** **New Experian report obtained on Feb 19, 2018** displaying the results of their dispute of the ARS account.

**g) MARIELY SUAREZ** **New Experian report obtained on Jan 19, 2018** displaying the results of their dispute of the ARS account.

**h) MARTIZA ALVARADO New Experian report obtained on Nov 01, 2017** displaying the results of their dispute of the ARS account.

**i) MAYRA MARIN** **New Experian report obtained on Jul 06, 2017** displaying the results of their dispute of the ARS account.

**j) MICHELLE NELSON** **New Experian report obtained on Oct 17, 2017** displaying the results of their dispute of the ARS account.

**k) MONIQUE WILCOX** **New Experian report obtained on Jun 22, 2017** displaying the results of their dispute of the ARS account.

**l) STEVEN MORALES** **New Experian report obtained on Aug 22, 2017** displaying the results of their dispute of the ARS account.

**m) TODIEA ROBINSON** **New Experian report obtained on Jun 29, 2017** displaying the results of their dispute of the ARS account.

**n) DARLA NORMAN** **New Experian report obtained on Oct 19, 2017** displaying the results of their dispute of the ARS account.

**o) YARITZA LOPEZ** **New Experian report obtained on Sept 05, 2017** displaying the results of their dispute of the ARS account.

p) **YEMMY GUTIERREZ   New Experian report obtained on Dec 18, 2017 displaying the results of their dispute of the ARS account.**

q) **ALEJANDRO ACOSTA   New Experian report obtained on Mar 16, 2018 displaying the results of their dispute of the ARS account.**

11.    The Plaintiffs received their results on the dates listed above in paragraph 10 AND Not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

a) **MELISSA FIKES**      **Date of Status Changed from 01/2018 to 03/2018**
**First Reported Changed from 01/2018 to 03/2018**
**Please see Exhibit 1 (prior to dispute)**
**Please see Exhibit 2 (post dispute)**

b) **DONTAE TEEL**      **Date of Status Changed from 05/2017 to 06/2017**
**First Reported Changed from 05/2017 to 06/2017**
**Please see Exhibit 3 (prior to dispute)**
**Please see Exhibit 4 (post dispute)**

c ) **FERNANDO FUENTES**      **Date of Status Changed from 10/2017 to 01/2018**
**First Reported Changed from 10/2017 to 01/2018**
**Please see Exhibit 5 (prior to dispute)**
**Please see Exhibit 6 (post dispute)**

d) **ILIANA LOPEZ**      **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 7 (prior to dispute)**
**Please see Exhibit 8 (post dispute)**

e) **LAURA MARQUEZ**      **Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 9  (prior to dispute)**
**Please see Exhibit 10 (post dispute)**

f) **LUIS SERRANO**      **Date of Status Changed from 10/2017 to 02/2018**
**First Reported Changed from 10/2017 to 02/2018**
**Please see Exhibit 11 (prior to dispute)**

Please see Exhibit 12  (post dispute)

g) **MARIELY SUAREZ**          **Date of Status Changed from 11/2017 to 01/2018**
                               **First Reported Changed from 11/2017 to 01/2018**
                               **Please see Exhibit 13 (prior to dispute)**
                               **Please see Exhibit 14 (post dispute)**

h) **MARTIZA ALVARADO**        **Date of Status Changed from 07/2017 to 10/2017**
                               **First Reported Changed from 07/2017 to 10/2017**
                               **Please see Exhibit 15 (prior to dispute)**
                               **Please see Exhibit 16 (post dispute)**

i) **MAYRA MARIN**             **Date of Status Changed from 04/2017 to 07/2017**
                               **First Reported Changed from 04/2017 to 07/2017**
                               **Please see Exhibit 17 (prior to dispute)**
                               **Please see Exhibit 18 (post dispute)**

j) **MICHELLE NELSON**         **Date of Status Changed from 09/2017 to 10/2017**
                               **First Reported Changed from 09/2017 to 10/2017**
                               **Please see Exhibit 19 (prior to dispute)**
                               **Please see Exhibit 20 (post dispute)**

k) **MONIQUE WILCOX**          **Date of Status Changed from 05.2017 to 06/2017**
                               **First Reported Changed from 05.2017 to 06/2017**
                               **Please see Exhibit 21 (prior to dispute)**
                               **Please see Exhibit 22 (post dispute)**

l) **STEVEN MORALES**          **Date of Status Changed from 07/2017 to 08/2017**
                               **First Reported Changed from 07/2017 to 08/2017**
                               **Please see Exhibit 23 (prior to dispute)**
                               **Please see Exhibit 24.1 & 24.2 (post dispute)**

m) **TODIEA ROBINSON**         **Date of Status Changed from 04/2017 to 06/2017**
                               **First Reported Changed from 04/2017 to 06/2017**
                               **Please see Exhibit 25 (prior to dispute)**
                               **Please see Exhibit 26 (post dispute)**

n) **DARLA NORMAN**            **Date of Status Changed from 09/2017 to 10/2017**
                               **First Reported Changed from 09/2017 to 10/2017**
                               **Please see Exhibit 27 (prior to dispute)**
                               **Please see Exhibit 28 (post dispute)**

o) **YARITZA LOPEZ**           **Date of Status Changed from 07/2017 to 09/2017**
                               **First Reported Changed from 07/2017 to 09/2017**
                               **Please see Exhibit 29 (prior to dispute)**
                               **Please see Exhibit 30 (post dispute)**

**p)  YEMMY GUTIERREZ**   **Date of Status Changed from 09/2017 to 12/2017**
**First Reported Changed from 09/2017 to 12/2017**
**Please see Exhibit 31.1 & 31.2 (prior to dispute)**
**Please see Exhibit 32 (post dispute)**

**q)  ALEJANDRO ACOSTA**  **Date of Status Changed from 10/2017 to 03/2018**
**First Reported Changed from 10/2017 to 03/2018**
**Please see Exhibit 33 (prior to dispute)**
**Please see Exhibit 34 (post dispute)**

ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit information.  ARS and EXPERIAN are penalizing Plaintiffs for exercising their statutory right to dispute inaccurate information on their credit reports.  ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

12.    EXPERIAN did not provide a good faith investigation into the ARS accounts as follows:

**a)**    **MELISSA FIKES**        **ARS Acct# 735441xx**
**b)**    **DONTAE TEEL**          **ARS Acct## 72008098**
**c)**    **FERNANDO FUENTES**  **ARS     Accts#80003699,     80507797, 83432832**
**d)**    **ILIANA LOPEZ**         **ARS Acct# 73650433 and 74443363**
**e)**    **LAURA MARQUEZ**       **ARS Acct# 72169143, 80359042, 81793376**
**f)**    **LUIS SERRANO**         **ARS Acct# 81403497**
**g)**    **MARIELY SUAREZ**      **ARS Accts# 74696378 and 75696380**
**h)**    **MARTIZA ALVARADO**    **ARS Acct# 82253101**
**i)**    **MAYRA MARIN**          **ARS Acct# 80142953**
**j)**    **MICHELLE NELSON**     **ARS Acct# 80100432**
**k)**    **MONIQUE WILCOX**      **ARS Acct# 71821711**
**l)**    **STEVEN MORALES**      **ARS Acct# 73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985**
**m)**    **TODIEA ROBINSON**     **ARS Acct# 81381357, 74510611, 74510609**
**n)**    **DARLA NORMAN**        **ARS Acct# 7314145**
**o)**    **YARITZA LOPEZ**       **ARS Acct# 728746687**
**p)**    **YEMMY GUTIERREZ**     **ARS Acct# 80071862 and 81541482**
**q)**    **ALEJANDRO ACOSTA**    **ARS Acct# 80165082 and 80535879**

13.     ARS did not provide a good faith investigation into the ARS account numbers as follows:

| | | |
|---|---|---|
| a) | MELISSA FIKES | ARS Acct# 735441xx |
| b) | DONTAE TEEL | ARS Acct## 72008098 |
| c) | FERNANDO FUENTES | ARS     Accts#80003699,     80507797, 83432832 |
| d) | ILIANA LOPEZ | ARS Acct# 73650433 and 74443363 |
| e) | LAURA MARQUEZ | ARS Acct# 72169143, 80359042, 81793376 |
| f) | LUIS SERRANO | ARS Acct# 81403497 |
| g) | MARIELY SUAREZ | ARS Accts# 74696378 and 75696380 |
| h) | MARTIZA ALVARADO | ARS Acct# 82253101 |
| i) | MAYRA MARIN | ARS Acct# 80142953 |
| j) | MICHELLE NELSON | ARS Acct# 80100432 |
| k) | MONIQUE WILCOX | ARS Acct# 71821711 |
| l) | STEVEN MORALES | ARS Acct# 73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 |
| m) | TODIEA ROBINSON | ARS Acct# 81381357, 74510611, 74510609 |
| n) | DARLA NORMAN | ARS Acct# 7314145 |
| o) | YARITZA LOPEZ | ARS Acct# 728746687 |
| p) | YEMMY GUTIERREZ | ARS Acct# 80071862 and 81541482 |
| q) | ALEJANDRO ACOSTA | ARS Acct# 80165082 and 80535879 |

14.     ARS is re-aging Plaintiffs accounts by changing their Date of Status date, as well as, the First Reported dates.  EXPERIAN is allowing ARS to re-age the Date of Status date, as well as, the First Reported date.

15.     ARS is providing credit information that they know or should know is inaccurate and misleading.

16.     The Date of Status date on the Plaintiff's credit report should reflect the date when the accounts went uncollectible.

17.     The Date First Reported is the first time an account is reported with EXPERIAN, that date should never change.

18.     ARS is falsely and misleadingly reporting the character and/or legal status of these alleged debts by re-aging the accounts.

19.     The Date of Status date should be the day the debt was deemed uncollectable.  ARS changes those dates to re-age the accounts and EXPERIAN allows ARS to re-age the accounts by changing the Date of Status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

20.     Re-aging accounts by changing the Date of Status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

21.     EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

22.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one First Reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN.  EXPERIAN should know this date).; *Please also see Toliver v.*

*EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

23.     These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed.  The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions")

24.     ARS did not conduct a good faith and reasonable investigation and did not delete or correct the false information but instead re-aged the dates on the accounts and EXPERIAN continues to allow the inaccurate information to report on the Plaintiffs' credit file/report.

25.     The reporting of this credit information on Plaintiffs credit reports negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.  This information was furnished by ARS and reported by EXPERIAN, misrepresenting the payment history and/or status of Plaintiffs' accounts, and is currently being reported and is reflected on Plaintiffs' credit reports, resulting in lowering Plaintiffs' credit score and furthering Plaintiffs' damages.

26.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit

grantors and extenders of credit, and the inaccurate information furnished by ARS and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

27.     As a result of conduct of EXPERIAN, Plaintiffs have suffered great physical, emotional and mental pain and anguish, all to Plaintiffs' great detriment and loss.

28.     As a result of the conduct of ARS, Plaintiffs have suffered actual damages all to Plaintiffs' great detriment and loss.

29.     At all times pertinent hereto, Defendants EXPERIAN and ARS were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

30.     At all times pertinent hereto, the conduct of the Defendants, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **CAUSES OF ACTION**

31.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

32.     This suit is based upon the Defendants violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. All causes of action were causes of the damages which Plaintiffs have suffered.

### *Count I: Fair Credit Reporting Act*

33.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

34.     This suit is brought against the Defendants, EXPERIAN and ARS, as the damages made the basis of this suit were caused by their violation of the FCRA.  In all instances of violating the FCRA, Defendants EXPERIAN and ARS did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney' s fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

> (a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
> > (1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> >
> > (2)     such amount of punitive damages as the court may allow; and
> >
> > (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

> (a )   Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> > (1)     any actual damages sustained by the consumer as a result of the failure; and
> >
> > (2)     in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

35.     EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute.

36.     Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

    a) **MELISSA FIKES**        **Disputed ARS Acct# 735441xx on Feb 2, 2018**

    b) **DONTAE TEEL**        **Disputed ARS Acct# 72008098 on May 31, 2017**

    c) **FERNANDO FUENTES**  **Disputed ARS Accts# 80003699, 80507797, 83432832 on Nov 8, 2017**

    d) **ILIANA LOPEZ**        **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

    e) **LAURA MARQUEZ**    **Disputed ARS Accts# 72169143, 80359042, 81793376 on Aug 23,2017**

    f) **LUIS SERRANO**        **Disputed ARS Acct# 81403497 on Dec 22, 2017**

    g) **MARIELY SUAREZ**    **Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

    h) **MARTIZA ALVARADO Disputed ARS Acct# 82253101 on July 27, 2017**

    i) **MAYRA MARIN**        **Disputed ARS Acct# 80142953 on Apr 17, 2017**

    j) **MICHELLE NELSON**    **Disputed ARS Acct# 80100432 on Sept 28, 2017**

    k) **MONIQUE WILCOX**    **Disputed ARS Acct# 71821711 on May 30, 2017**

    l) **STEVEN MORALES**    **Disputed ARS Accts# 73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107**

**m) TODIEA ROBINSON    Disputed   ARS   Accts#   81381357,   74510611, 74510609 on Jun 5, 2017**

**n)   DARLA NORMAN       Disputed ARS Acct# 73141454 on Sept 26, 2017**

**o) YARITZA LOPEZ        Disputed ARS Acct# 728746687 on Jul 27, 2017**

**p) YEMMY GUTIERREZ    Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017**

**q) ALEJANDRO ACOSTA  Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017**

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

37.    The Plaintiffs' obtained new credit reports on the following dates from Experian that displayed their dispute results:

**a) MELISSA FIKES        New Experian report obtained on Mar 13, 2018 displaying the results of their dispute of the ARS account.**

**b)  DONTAE TEEL         New Experian report obtained on June 16, 2017 displaying the results of their dispute of the ARS account.**

**c ) FERNANDO FUENTES   New  Experian  report  obtained  on  Jan 19, 2018 displaying the results of their dispute of the ARS account.**

**d) ILIANA LOPEZ         New Experian report obtained on Nov 06, 2017 displaying the results of their dispute of the ARS account.**

    **e) LAURA MARQUEZ**      **New Experian report obtained on Nov 01,2017** displaying the results of their dispute of the ARS account.

    **f) LUIS SERRANO**      **New Experian report obtained on Feb 19, 2018** displaying the results of their dispute of the ARS account.

    **g) MARIELY SUAREZ**      **New Experian report obtained on Jan 19, 2018** displaying the results of their dispute of the ARS account.

    **h) MARTIZA ALVARADO New Experian report obtained on Nov 01, 2017** displaying the results of their dispute of the ARS account.

    **i) MAYRA MARIN**      **New Experian report obtained on Jul 06, 2017** displaying the results of their dispute of the ARS account.

    **j) MICHELLE NELSON**      **New Experian report obtained on Oct 17, 2017** displaying the results of their dispute of the ARS account.

    **k) MONIQUE WILCOX**      **New Experian report obtained on Jun 22, 2017** displaying the results of their dispute of the ARS account.

    **l) STEVEN MORALES**      **New Experian report obtained on Aug 22, 2017** displaying the results of their dispute of the ARS account.

    **m) TODIEA ROBINSON**      **New Experian report obtained on Jun 29, 2017** displaying the results of their dispute of the ARS account.

    **n) DARLA NORMAN**      **New Experian report obtained on Oct 19, 2017** displaying the results of their dispute of the ARS account.

    **o) YARITZA LOPEZ**      **New Experian report obtained on Sept 05, 2017** displaying the results of their dispute of the ARS account.

p) **YEMMY GUTIERREZ**  **New Experian report obtained on Dec 18, 2017 displaying the results of their dispute of the ARS account.**

q) **ALEJANDRO ACOSTA**   **New Experian report obtained on Mar 16, 2018 displaying the results of their dispute of the ARS account.**

38.     The Plaintiffs received their results on the dates listed above in paragraph 37 and not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

a) **MELISSA FIKES**          **Date of Status Changed from 01/2018 to 03/2018**
                              **First Reported Changed from 01/2018 to 03/2018**
                              **Please see Exhibit 1 (prior to dispute)**
                              **Please see Exhibit 2 (post dispute)**

b) **DONTAE TEEL**            **Date of Status Changed from 05/2017 to 06/2017**
                              **First Reported Changed from 05/2017 to 06/2017**
                              **Please see Exhibit 3 (prior to dispute)**
                              **Please see Exhibit 4 (post dispute)**

c ) **FERNANDO FUENTES**     **Date of Status Changed from 10/2017 to 01/2018**
                              **First Reported Changed from 10/2017 to 01/2018**
                              **Please see Exhibit 5 (prior to dispute)**
                              **Please see Exhibit 6 (post dispute)**

d) **ILIANA LOPEZ**          **Date of Status Changed from 09/2017 to 10/2017**
                              **First Reported Changed from 09/2017 to 10/2017**
                              **Please see Exhibit 7 (prior to dispute)**
                              **Please see Exhibit 8 (post dispute)**

e) **LAURA MARQUEZ**         **Date of Status Changed from 07/2017 to 10/2017**
                              **First Reported Changed from 07/2017 to 10/2017**
                              **Please see Exhibit 9  (prior to dispute)**
                              **Please see Exhibit 10 (post dispute)**

f) **LUIS SERRANO**          **Date of Status Changed from 10/2017 to 02/2018**
                              **First Reported Changed from 10/2017 to 02/2018**
                              **Please see Exhibit 11 (prior to dispute)**

**Please see Exhibit 12  (post dispute)**

**g)  MARIELY SUAREZ**          **Date of Status Changed from 11/2017 to 01/2018**
**First Reported Changed from 11/2017 to 01/2018**
**Please see Exhibit 13 (prior to dispute)**
**Please see Exhibit 14 (post dispute)**

**h)  MARTIZA ALVARADO  Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 15 (prior to dispute)**
**Please see Exhibit 16 (post dispute)**

**i)   MAYRA MARIN**          **Date of Status Changed from 04/2017 to 07/2017**
**First Reported Changed from 04/2017 to 07/2017**
**Please see Exhibit 17 (prior to dispute)**
**Please see Exhibit 18 (post dispute)**

**j)  MICHELLE NELSON**          **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 19 (prior to dispute)**
**Please see Exhibit 20 (post dispute)**

**k)  MONIQUE WILCOX**          **Date of Status Changed from 05.2017 to 06/2017**
**First Reported Changed from 05.2017 to 06/2017**
**Please see Exhibit 21 (prior to dispute)**
**Please see Exhibit 22 (post dispute)**

**l)  STEVEN MORALES**          **Date of Status Changed from 07/2017 to 08/2017**
**First Reported Changed from 07/2017 to 08/2017**
**Please see Exhibit 23 (prior to dispute)**
**Please see Exhibit 24.1 & 24.2 (post dispute)**

**m) TODIEA ROBINSON**          **Date of Status Changed from 04/2017 to 06/2017**
**First Reported Changed from 04/2017 to 06/2017**
**Please see Exhibit 25 (prior to dispute)**
**Please see Exhibit 26 (post dispute)**

**n)  DARLA NORMAN**          **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 27 (prior to dispute)**
**Please see Exhibit 28 (post dispute)**

**o)  YARITZA LOPEZ**          **Date of Status Changed from 07/2017 to 09/2017**
**First Reported Changed from 07/2017 to 09/2017**
**Please see Exhibit 29 (prior to dispute)**
**Please see Exhibit 30 (post dispute)**

    **p)  YEMMY GUTIERREZ**    **Date of Status Changed from 09/2017 to 12/2017**
    **First Reported Changed from 09/2017 to 12/2017**
    **Please see Exhibit 31.1 & 31.2 (prior to dispute)**
    **Please see Exhibit 32 (post dispute)**

    **q)  ALEJANDRO ACOSTA**    **Date of Status Changed from 10/2017 to 03/2018**
    **First Reported Changed from 10/2017 to 03/2018**
    **Please see Exhibit 33 (prior to dispute)**
    **Please see Exhibit 34 (post dispute)**

    ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit information.  ARS and EXPERIAN are penalizing Plaintiffs for exercising their statutory right to dispute inaccurate information on their credit reports.  ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

    39.    The date of status date should be the day the debt was deemed uncollectable.  ARS changes those dates to re-age the accounts and EXPERIAN allows ARS to re-age the accounts by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

    40.    Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

    41.    EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v.*

*EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

42.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

43.     If EXPERIAN would have conducted a reasonable good faith investigation, they should have determined that ARS was changing dates that should not be changed and providing them with inaccurate data.

The section entitled "**Procedure in Case of Disputed Accuracy**" under 15 U.S.C. §1681i(a)(1)(A) reads:

(a)   Reinvestigations in case disputed information

     (1) Reinvestigation required

     (A) In general-- Subject to subsection
     (f), if the completeness or accuracy of any item of information
     contained in a consumer's file at a consumer reporting agency is

disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

The re-aging and manipulating of the dates artificially lowered Plaintiffs' credit scores more than if the accounts were being reported accurately, as well as, making the accounts seem more recently delinquent than they really are to potential creditors, causing **them damage**.

44.     ARS violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information.  After receiving a dispute notice from EXPERIAN, ARS did not conduct a complete, accurate or reasonable investigation into the disputed issue.  ARS did not give a good faith and reasonable investigation into the inaccurate information that

was disputed by Plaintiffs' on the dates listed for each Plaintiff in Paragraph 36. ARS should have discovered that the information they are providing the Credit Bureaus was not accurate. ARS is re-aging the accounts of Plaintiffs to a date that is more recent than legally accurate. For ARS to be liable under 15 U.S.C. §1681, Plaintiffs must dispute the accounts with EXPERIAN, EXPERIAN then contacts ARS regarding the dispute and ARS should conduct a good faith and reasonable "investigation" as well and then provides EXPERIAN with corrected credit data or delete the trade line. The credit data that ARS is providing EXPERIAN is false, misleading and inaccurate and if ARS would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

45.     Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

    **a) MELISSA FIKES**          **Disputed ARS Acct# 735441xx on Feb 2, 2018**

    **b) DONTAE TEEL**            **Disputed ARS Acct# 72008098 on May 31, 2017**

    **c) FERNANDO FUENTES**    **Disputed ARS Accts# 80003699, 80507797, 83432832 on Nov 8, 2017**

    **d) ILIANA LOPEZ**         **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

    **e) LAURA MARQUEZ**     **Disputed ARS Accts# 72169143, 80359042, 81793376 on Aug 23,2017**

    **f) LUIS SERRANO**           **Disputed ARS Acct# 81403497 on Dec 22, 2017**

    **g) MARIELY SUAREZ**      **Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

**h)  MARTIZA ALVARADO**  Disputed ARS Acct# 82253101 on July 27, 2017

**i)  MAYRA MARIN**      Disputed ARS Acct# 80142953 on Apr 17, 2017

**j)  MICHELLE NELSON**    Disputed ARS Acct# 80100432 on Sept 28, 2017

**k)  MONIQUE WILCOX**    Disputed ARS Acct# 71821711 on May 30, 2017

**l) STEVEN MORALES**    Disputed  ARS  Accts#  73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107

**m)  TODIEA ROBINSON**    Disputed  ARS  Accts#  81381357,  74510611, 74510609 on Jun 5, 2017

**n)  DARLA NORMAN**      Disputed ARS Acct# 73141454 on Sept 26, 2017

**o)  YARITZA LOPEZ**      Disputed ARS Acct# 728746687 on Jul 27, 2017

**p)  YEMMY GUTIERREZ**    Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017

**q)  ALEJANDRO ACOSTA**  Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.


46.    The Plaintiffs' obtained new credit reports on the following dates from Experian that displayed their dispute results:

    **a)  MELISSA FIKES**        **New Experian report obtained on Mar 13, 2018 displaying the results of their dispute of the ARS account.**

    **b)  DONTAE TEEL**        **New Experian report obtained on June 16, 2017 displaying the results of their dispute of the ARS account.**

    **c ) FERNANDO FUENTES   New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.**

    **d)  ILIANA LOPEZ**        **New Experian report obtained on Nov 06, 2017 displaying the results of their dispute of the ARS account.**

    **e)  LAURA MARQUEZ**        **New Experian report obtained on Nov 01,2017 displaying the results of their dispute of the ARS account.**

    **f) LUIS SERRANO**        **New Experian report obtained on Feb 19, 2018 displaying the results of their dispute of the ARS account.**

    **g)  MARIELY SUAREZ**        **New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.**

    **h)  MARTIZA ALVARADO  New Experian report obtained on Nov 01, 2017 displaying the results of their dispute of the ARS account.**

    **i)  MAYRA MARIN**        **New Experian report obtained on Jul 06, 2017 displaying the results of their dispute of the ARS account.**

    **j) MICHELLE NELSON**        **New Experian report obtained on Oct 17, 2017 displaying the results of their dispute of the ARS account.**

    **k) MONIQUE WILCOX**        **New Experian report obtained on Jun 22, 2017 displaying the results of their dispute of the ARS account.**

**l) STEVEN MORALES        New Experian report obtained on Aug 22, 2017** displaying the results of their dispute of the ARS account.

**m)  TODIEA ROBINSON      New Experian report obtained on Jun 29, 2017** displaying the results of their dispute of the ARS account.

**n)  DARLA NORMAN         New Experian report obtained on Oct 19, 2017** displaying the results of their dispute of the ARS account.

**o)  YARITZA LOPEZ        New Experian report obtained on Sept 05, 2017** displaying the results of their dispute of the ARS account.

**p)  YEMMY GUTIERREZ   New Experian report obtained on Dec 18, 2017**
**displaying the results of their dispute of the ARS account.**

**q) ALEJANDRO ACOSTA    New Experian report obtained on Mar 16, 2018**
**displaying the results of their dispute of the ARS account.**

47.     The Plaintiffs received their results on the dates listed above in paragraph 46 and not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports,  but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

**a)  MELISSA FIKES          Date of Status Changed from 01/2018 to 03/2018**
**First Reported Changed from 01/2018 to 03/2018**
**Please see Exhibit 1 (prior to dispute)**
**Please see Exhibit 2 (post dispute)**

**b) DONTAE TEEL             Date of Status Changed from 05/2017 to 06/2017**
**First Reported Changed from 05/2017 to 06/2017**
**Please see Exhibit 3 (prior to dispute)**
**Please see Exhibit 4 (post dispute)**

**c ) FERNANDO FUENTES    Date of Status Changed from 10/2017 to 01/2018**
**First Reported Changed from 10/2017 to 01/2018**

**Please see Exhibit 5 (prior to dispute)**
**Please see Exhibit 6 (post dispute)**

**d)  ILIANA LOPEZ**          **Date of Status Changed from 09/2017 to 10/2017**
                             **First Reported Changed from 09/2017 to 10/2017**
                             **Please see Exhibit 7 (prior to dispute)**
                             **Please see Exhibit 8 (post dispute)**

**e)  LAURA MARQUEZ**         **Date of Status Changed from 07/2017 to 10/2017**
                             **First Reported Changed from 07/2017 to 10/2017**
                             **Please see Exhibit 9  (prior to dispute)**
                             **Please see Exhibit 10 (post dispute)**

**f)  LUIS SERRANO**          **Date of Status Changed from 10/2017 to 02/2018**
                             **First Reported Changed from 10/2017 to 02/2018**
                             **Please see Exhibit 11 (prior to dispute)**
                             **Please see Exhibit 12 (post dispute)**

**g)  MARIELY SUAREZ**        **Date of Status Changed from 11/2017 to 01/2018**
                             **First Reported Changed from 11/2017 to 01/2018**
                             **Please see Exhibit 13 (prior to dispute)**
                             **Please see Exhibit 14 (post dispute)**

**h)  MARTIZA ALVARADO**      **Date of Status Changed from 07/2017 to 10/2017**
                             **First Reported Changed from 07/2017 to 10/2017**
                             **Please see Exhibit 15 (prior to dispute)**
                             **Please see Exhibit 16 (post dispute)**

**i)  MAYRA MARIN**           **Date of Status Changed from 04/2017 to 07/2017**
                             **First Reported Changed from 04/2017 to 07/2017**
                             **Please see Exhibit 17 (prior to dispute)**
                             **Please see Exhibit 18 (post dispute)**

**j)  MICHELLE NELSON**       **Date of Status Changed from 09/2017 to 10/2017**
                             **First Reported Changed from 09/2017 to 10/2017**
                             **Please see Exhibit 19 (prior to dispute)**
                             **Please see Exhibit 20 (post dispute)**

**k)  MONIQUE WILCOX**        **Date of Status Changed from 05.2017 to 06/2017**
                             **First Reported Changed from 05.2017 to 06/2017**
                             **Please see Exhibit 21 (prior to dispute)**
                             **Please see Exhibit 22 (post dispute)**

**l)  STEVEN MORALES**        **Date of Status Changed from 07/2017 to 08/2017**
                             **First Reported Changed from 07/2017 to 08/2017**
                             **Please see Exhibit 23 (prior to dispute)**

**Please see Exhibit 24.1 & 24.2 (post dispute)**

**m) TODIEA ROBINSON**     **Date of Status Changed from 04/2017 to 06/2017**
**First Reported Changed from 04/2017 to 06/2017**
**Please see Exhibit 25 (prior to dispute)**
**Please see Exhibit 26 (post dispute)**

**n)  DARLA NORMAN**     **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 27 (prior to dispute)**
**Please see Exhibit 28 (post dispute)**

**o)  YARITZA LOPEZ**     **Date of Status Changed from 07/2017 to 09/2017**
**First Reported Changed from 07/2017 to 09/2017**
**Please see Exhibit 29 (prior to dispute)**
**Please see Exhibit 30 (post dispute)**

**p)  YEMMY GUTIERREZ**     **Date of Status Changed from 09/2017 to 12/2017**
**First Reported Changed from 09/2017 to 12/2017**
**Please see Exhibit 31.1 & 31.2 (prior to dispute)**
**Please see Exhibit 32 (post dispute)**

**q)  ALEJANDRO ACOSTA**     **Date of Status Changed from 10/2017 to 03/2018**
**First Reported Changed from 10/2017 to 03/2018**
**Please see Exhibit 33 (prior to dispute)**
**Please see Exhibit 34 (post dispute)**

ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit information.  ARS and EXPERIAN are penalizing Plaintiffs for exercising their statutory right to dispute inaccurate information on their credit reports.  ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

48.     The date of status date should be the day the debt was deemed uncollectable.  ARS changes those dates to re-age the account and EXPERIAN allows ARS to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus

charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

49.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013)("Date of status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

50.     EXPERIAN and ARS should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

51.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

52.     If ARS would have conducted a reasonable good faith investigation, they should have determined that ARS was changing dates that should not be changed and providing the bureaus with inaccurate data.  The re-aging and manipulating of the dates artificially lowered Plaintiffs' credit scores more than if the accounts were being reported accurately as well as making the accounts seem more recently delinquent than they really are to potential creditors, causing Plaintiffs damage.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)     conduct an investigation with respect to the disputed information:

(B)     review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)     report the results of the investigation to the consumer reporting agency;

(D)     <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

(i)          modify that item of information
(ii)         delete that item of information
(iii)        permanently block the reporting of
              that item of information

53.     EXPERIAN is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. EXPERIAN is allowing ARS to re-age both the "Date of Status" and "First Reported" dates to reflect more recent dates than legally accurate.  If EXPERIAN had followed reasonable procedures to assure maximum accuracy, EXPERIAN would not be allowing ARS to re-age two important data fields on Plaintiffs' credit files and even after the inaccurate reporting, EXPERIAN should have caught the inaccurate data once they were put on notice via Plaintiffs' dispute.

54.     Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

   a)  **MELISSA FIKES**          **Disputed ARS Acct# 735441xx on Feb 2, 2018**

   b)  **DONTAE TEEL**            **Disputed ARS Acct# 72008098 on May 31, 2017**

   c)  **FERNANDO FUENTES**   **Disputed   ARS   Accts#   80003699,   80507797, 83432832 on Nov 8, 2017**

   d)  **ILIANA LOPEZ**          **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

   e) **LAURA MARQUEZ**       **Disputed   ARS   Accts#   72169143,   80359042, 81793376 on Aug 23,2017**

   f)  **LUIS SERRANO**          **Disputed ARS Acct# 81403497 on Dec 22, 2017**

   g)  **MARIELY SUAREZ**        **Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

   h)  **MARTIZA ALVARADO** **Disputed ARS Acct# 82253101 on July 27, 2017**

   i)  **MAYRA MARIN**           **Disputed ARS Acct# 80142953 on Apr 17, 2017**

**j) MICHELLE NELSON**      **Disputed ARS Acct# 80100432 on Sept 28, 2017**

**k) MONIQUE WILCOX**      **Disputed ARS Acct# 71821711 on May 30, 2017**

**l) STEVEN MORALES**      **Disputed ARS Accts# 73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107**

**m) TODIEA ROBINSON**      **Disputed ARS Accts# 81381357, 74510611, 74510609 on Jun 5, 2017**

**n) DARLA NORMAN**      **Disputed ARS Acct# 73141454 on Sept 26, 2017**

**o) YARITZA LOPEZ**      **Disputed ARS Acct# 728746687 on Jul 27, 2017**

**p) YEMMY GUTIERREZ**      **Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017**

**q) ALEJANDRO ACOSTA**      **Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017**

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

55. The Plaintiffs' obtained new credit reports on the following dates from Experian that displayed their dispute results:

**a) MELISSA FIKES**      **New Experian report obtained on Mar 13, 2018 displaying the results of their dispute of the ARS account.**

**b) DONTAE TEEL**      **New Experian report obtained on June 16, 2017 displaying the results of their dispute of the ARS account.**

c ) **FERNANDO FUENTES**   New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.

d) **ILIANA LOPEZ**       New Experian report obtained on Nov 06, 2017 displaying the results of their dispute of the ARS account.

e) **LAURA MARQUEZ**      New Experian report obtained on Nov 01,2017 displaying the results of their dispute of the ARS account.

f) **LUIS SERRANO**       New Experian report obtained on Feb 19, 2018 displaying the results of their dispute of the ARS account.

g) **MARIELY SUAREZ**      New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.

h) **MARTIZA ALVARADO** New Experian report obtained on Nov 01, 2017 displaying the results of their dispute of the ARS account.

i) **MAYRA MARIN**       New Experian report obtained on Jul 06, 2017 displaying the results of their dispute of the ARS account.

j) **MICHELLE NELSON**    New Experian report obtained on Oct 17, 2017 displaying the results of their dispute of the ARS account.

k) **MONIQUE WILCOX**    New Experian report obtained on Jun 22, 2017 displaying the results of their dispute of the ARS account.

l) **STEVEN MORALES**     New Experian report obtained on Aug 22, 2017 displaying the results of their dispute of the ARS account.

m) **TODIEA ROBINSON**    New Experian report obtained on Jun 29, 2017 displaying the results of their dispute of the ARS account.

n)  **DARLA NORMAN**          **New Experian report obtained on Oct 19, 2017 displaying the results of their dispute of the ARS account.**

o)  **YARITZA LOPEZ**          **New Experian report obtained on Sept 05, 2017 displaying the results of their dispute of the ARS account.**

p)  **YEMMY GUTIERREZ**   **New Experian report obtained on Dec 18, 2017 displaying the results of their dispute of the ARS account.**

q) **ALEJANDRO ACOSTA    New Experian report obtained on Mar 16, 2018 displaying the results of their dispute of the ARS account.**

56.     The Plaintiffs received their results on the dates listed above in paragraph 55 and not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports,  but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

a)  **MELISSA FIKES**          **Date of Status Changed from 01/2018 to 03/2018**
**First Reported Changed from 01/2018 to 03/2018**
**Please see Exhibit 1 (prior to dispute)**
**Please see Exhibit 2 (post dispute)**

b) **DONTAE TEEL**          **Date of Status Changed from 05/2017 to 06/2017**
**First Reported Changed from 05/2017 to 06/2017**
**Please see Exhibit 3 (prior to dispute)**
**Please see Exhibit 4 (post dispute)**

c ) **FERNANDO FUENTES**   **Date of Status Changed from 10/2017 to 01/2018**
**First Reported Changed from 10/2017 to 01/2018**
**Please see Exhibit 5 (prior to dispute)**
**Please see Exhibit 6 (post dispute)**

d)  **ILIANA LOPEZ**          **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 7 (prior to dispute)**
**Please see Exhibit 8 (post dispute)**

**e)  LAURA MARQUEZ**      **Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 9  (prior to dispute)**
**Please see Exhibit 10 (post dispute)**

**f)  LUIS SERRANO**      **Date of Status Changed from 10/2017 to 02/2018**
**First Reported Changed from 10/2017 to 02/2018**
**Please see Exhibit 11 (prior to dispute)**
**Please see Exhibit 12  (post dispute)**

**g)  MARIELY SUAREZ**      **Date of Status Changed from 11/2017 to 01/2018**
**First Reported Changed from 11/2017 to 01/2018**
**Please see Exhibit 13 (prior to dispute)**
**Please see Exhibit 14 (post dispute)**

**h)  MARTIZA ALVARADO**  **Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 15 (prior to dispute)**
**Please see Exhibit 16 (post dispute)**

**i)  MAYRA MARIN**      **Date of Status Changed from 04/2017 to 07/2017**
**First Reported Changed from 04/2017 to 07/2017**
**Please see Exhibit 17 (prior to dispute)**
**Please see Exhibit 18 (post dispute)**

**j)  MICHELLE NELSON**      **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 19 (prior to dispute)**
**Please see Exhibit 20 (post dispute)**

**k)  MONIQUE WILCOX**      **Date of Status Changed from 05.2017 to 06/2017**
**First Reported Changed from 05.2017 to 06/2017**
**Please see Exhibit 21 (prior to dispute)**
**Please see Exhibit 22 (post dispute)**

**l)  STEVEN MORALES**      **Date of Status Changed from 07/2017 to 08/2017**
**First Reported Changed from 07/2017 to 08/2017**
**Please see Exhibit 23 (prior to dispute)**
**Please see Exhibit 24.1 & 24.2 (post dispute)**

**m) TODIEA ROBINSON**      **Date of Status Changed from 04/2017 to 06/2017**
**First Reported Changed from 04/2017 to 06/2017**
**Please see Exhibit 25 (prior to dispute)**
**Please see Exhibit 26 (post dispute)**

**n)  DARLA NORMAN**      **Date of Status Changed from 09/2017 to 10/2017**

|   |   |   |
|---|---|---|
|   |   | **First Reported Changed from 09/2017 to 10/2017** |
|   |   | **Please see Exhibit 27 (prior to dispute)** |
|   |   | **Please see Exhibit 28 (post dispute)** |
| **o)** | **YARITZA LOPEZ** | **Date of Status Changed from 07/2017 to 09/2017** |
|   |   | **First Reported Changed from 07/2017 to 09/2017** |
|   |   | **Please see Exhibit 29 (prior to dispute)** |
|   |   | **Please see Exhibit 30 (post dispute)** |
| **p)** | **YEMMY GUTIERREZ** | **Date of Status Changed from 09/2017 to 12/2017** |
|   |   | **First Reported Changed from 09/2017 to 12/2017** |
|   |   | **Please see Exhibit 31.1 & 31.2 (prior to dispute)** |
|   |   | **Please see Exhibit 32 (post dispute)** |
| **q)** | **ALEJANDRO ACOSTA** | **Date of Status Changed from 10/2017 to 03/2018** |
|   |   | **First Reported Changed from 10/2017 to 03/2018** |
|   |   | **Please see Exhibit 33 (prior to dispute)** |
|   |   | **Please see Exhibit 34 (post dispute)** |

ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit information. ARS and EXPERIAN are penalizing Plaintiffs for exercising their statutory right to dispute inaccurate information on their credit reports. ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

57. The date of status date should be the day the debt was deemed uncollectable. ARS changes those dates to re-age the account and EXPERIAN allows ARS to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

58. Re-aging accounts by changing the date of status dates are

misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

59.     If EXPERIAN was following any, much less reasonable procedures to assure maximum accuracy, they would not allow such inaccurate reporting and once they were put on notice via a dispute, they should have fixed or corrected the false and misleading information.   EXPERIAN'S procedures are so bad or lacking that they continued to report obvious inaccurate data. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

60.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

61.     If EXPERIAN would have followed reasonable procedures to assure maximum accuracy, EXPERIAN would not have allowed ARS to re-age and change the

"Date of Status" and "First Reported" dates on Plaintiff's credit report just because Plaintiff exercised her statutory right to dispute her accounts.  The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the accounts were being reported accurately as well as making the accounts seem more recently delinquent than they really are to potential creditors, causing her damage.

Under 15 U.S.C. §1681e(b) reads:

(b )   Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it <u>shall</u> follow reasonable procedures as assure maximum possible accuracy of the information concerning the individual about whom the report relates

### *Count II: Fair Debt Collection Act*

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62.   ARS violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt.  ARS re-aged both the "date of status" and "first reported" dates to more recent dates than legally accurate.  By re-aging both dates, ARS violated 15 U.S.C. §1692e(2)(A). The re-aging and manipulating of the dates is falsely representing the character of the debt by re-aging the debt and making it look much more recent than it really is.  The more recent the debt the more it damages credit scores, severely damaging Plaintiff's credit score.  Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the accounts makes the older accounts look new again and thus at a higher risk for default.

15 U.S.C. §1692e **"False or Misleading Representation"**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—
**(A)** the character, amount, or legal status of any debt

63.     ARS violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. ARS reported information that they know or should have known to be false when they re-aged both the date of status and first reported dates on Plaintiff's credit report.

64.     Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

a) **MELISSA FIKES**          **Disputed ARS Acct# 735441xx on Feb 2, 2018**

b) **DONTAE TEEL**          **Disputed ARS Acct# 72008098 on May 31, 2017**

c) **FERNANDO FUENTES**   **Disputed   ARS   Accts#   80003699,   80507797, 83432832 on Nov 8, 2017**

d) **ILIANA LOPEZ**          **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

e) **LAURA MARQUEZ**          **Disputed   ARS   Accts#   72169143,   80359042, 81793376 on Aug 23,2017**

f) **LUIS SERRANO**          **Disputed ARS Acct# 81403497 on Dec 22, 2017**

g) **MARIELY SUAREZ**          **Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

h) **MARTIZA ALVARADO**  **Disputed ARS Acct# 82253101 on July 27, 2017**

    i) **MAYRA MARIN**        **Disputed ARS Acct# 80142953 on Apr 17, 2017**

    j) **MICHELLE NELSON**     **Disputed ARS Acct# 80100432 on Sept 28, 2017**

    k) **MONIQUE WILCOX**     **Disputed ARS Acct# 71821711 on May 30, 2017**

    l) **STEVEN MORALES**     **Disputed   ARS   Accts#   73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107**

    m) **TODIEA ROBINSON**     **Disputed   ARS   Accts#   81381357,   74510611, 74510609 on Jun 5, 2017**

    n) **DARLA NORMAN**     **Disputed ARS Acct# 73141454 on Sept 26, 2017**

    o) **YARITZA LOPEZ**     **Disputed ARS Acct# 728746687 on Jul 27, 2017**

    p) **YEMMY GUTIERREZ**     **Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017**

    q) **ALEJANDRO ACOSTA**   **Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017**

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

65.    The Plaintiffs' obtained new credit reports on the following dates from Experian that displayed their dispute results:

    a) **MELISSA FIKES**     **New Experian report obtained on Mar 13, 2018 displaying the results of their dispute of the ARS account.**

b)  **DONTAE TEEL**          **New Experian report obtained on June 16, 2017 displaying the results of their dispute of the ARS account.**

c )  **FERNANDO FUENTES**   **New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.**

d)  **ILIANA LOPEZ**          **New Experian report obtained on Nov 06, 2017 displaying the results of their dispute of the ARS account.**

e)  **LAURA MARQUEZ**      **New Experian report obtained on Nov 01,2017 displaying the results of their dispute of the ARS account.**

f)  **LUIS SERRANO**          **New Experian report obtained on Feb 19, 2018 displaying the results of their dispute of the ARS account.**

g)  **MARIELY SUAREZ**      **New Experian report obtained on Jan 19, 2018 displaying the results of their dispute of the ARS account.**

h)  **MARTIZA ALVARADO**  **New Experian report obtained on Nov 01, 2017 displaying the results of their dispute of the ARS account.**

i)  **MAYRA MARIN**          **New Experian report obtained on Jul 06, 2017 displaying the results of their dispute of the ARS account.**

j)  **MICHELLE NELSON**    **New Experian report obtained on Oct 17, 2017 displaying the results of their dispute of the ARS account.**

k)  **MONIQUE WILCOX**    **New Experian report obtained on Jun 22, 2017 displaying the results of their dispute of the ARS account.**

l)  **STEVEN MORALES**      **New Experian report obtained on Aug 22, 2017 displaying the results of their dispute of the ARS account.**

**m)  TODIEA ROBINSON       New Experian report obtained on Jun 29, 2017** displaying the results of their dispute of the ARS account.

**n)  DARLA NORMAN           New Experian report obtained on Oct 19, 2017** displaying the results of their dispute of the ARS account.

**o)  YARITZA LOPEZ          New Experian report obtained on Sept 05, 2017** displaying the results of their dispute of the ARS account.

**p)  YEMMY GUTIERREZ   New Experian report obtained on Dec 18, 2017** **displaying the results of their dispute of the ARS account.**

**q) ALEJANDRO ACOSTA    New Experian report obtained on Mar 16, 2018** **displaying the results of their dispute of the ARS account.**

66.     The Plaintiffs received their results on the dates listed above in paragraph 65 and not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

**a)  MELISSA FIKES**          **Date of Status Changed from 01/2018 to 03/2018**
                               **First Reported Changed from 01/2018 to 03/2018**
                               **Please see Exhibit 1 (prior to dispute)**
                               **Please see Exhibit 2 (post dispute)**

**b) DONTAE TEEL**             **Date of Status Changed from 05/2017 to 06/2017**
                               **First Reported Changed from 05/2017 to 06/2017**
                               **Please see Exhibit 3 (prior to dispute)**
                               **Please see Exhibit 4 (post dispute)**

**c ) FERNANDO FUENTES**       **Date of Status Changed from 10/2017 to 01/2018**
                               **First Reported Changed from 10/2017 to 01/2018**
                               **Please see Exhibit 5 (prior to dispute)**
                               **Please see Exhibit 6 (post dispute)**

**d)  ILIANA LOPEZ**           **Date of Status Changed from 09/2017 to 10/2017**

**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 7 (prior to dispute)**
**Please see Exhibit 8 (post dispute)**

**e)  LAURA MARQUEZ**
**Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 9  (prior to dispute)**
**Please see Exhibit 10 (post dispute)**

**f)  LUIS SERRANO**
**Date of Status Changed from 10/2017 to 02/2018**
**First Reported Changed from 10/2017 to 02/2018**
**Please see Exhibit 11 (prior to dispute)**
**Please see Exhibit 12 (post dispute)**

**g)  MARIELY SUAREZ**
**Date of Status Changed from 11/2017 to 01/2018**
**First Reported Changed from 11/2017 to 01/2018**
**Please see Exhibit 13 (prior to dispute)**
**Please see Exhibit 14 (post dispute)**

**h)  MARTIZA ALVARADO**
**Date of Status Changed from 07/2017 to 10/2017**
**First Reported Changed from 07/2017 to 10/2017**
**Please see Exhibit 15 (prior to dispute)**
**Please see Exhibit 16 (post dispute)**

**i)   MAYRA MARIN**
**Date of Status Changed from 04/2017 to 07/2017**
**First Reported Changed from 04/2017 to 07/2017**
**Please see Exhibit 17 (prior to dispute)**
**Please see Exhibit 18 (post dispute)**

**j)  MICHELLE NELSON**
**Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 19 (prior to dispute)**
**Please see Exhibit 20 (post dispute)**

**k)  MONIQUE WILCOX**
**Date of Status Changed from 05.2017 to 06/2017**
**First Reported Changed from 05.2017 to 06/2017**
**Please see Exhibit 21 (prior to dispute)**
**Please see Exhibit 22 (post dispute)**

**l)  STEVEN MORALES**
**Date of Status Changed from 07/2017 to 08/2017**
**First Reported Changed from 07/2017 to 08/2017**
**Please see Exhibit 23 (prior to dispute)**
**Please see Exhibit 24.1 & 24.2 (post dispute)**

**m) TODIEA ROBINSON**
**Date of Status Changed from 04/2017 to 06/2017**
**First Reported Changed from 04/2017 to 06/2017**

|  | **Please see Exhibit 25 (prior to dispute)** |
|--|--|
|  | **Please see Exhibit 26 (post dispute)** |

**n)  DARLA NORMAN**        **Date of Status Changed from 09/2017 to 10/2017**
                            **First Reported Changed from 09/2017 to 10/2017**
                            **Please see Exhibit 27 (prior to dispute)**
                            **Please see Exhibit 28 (post dispute)**

**o)  YARITZA LOPEZ**       **Date of Status Changed from 07/2017 to 09/2017**
                            **First Reported Changed from 07/2017 to 09/2017**
                            **Please see Exhibit 29 (prior to dispute)**
                            **Please see Exhibit 30 (post dispute)**

**p)  YEMMY GUTIERREZ**     **Date of Status Changed from 09/2017 to 12/2017**
                            **First Reported Changed from 09/2017 to 12/2017**
                            **Please see Exhibit 31.1 & 31.2 (prior to dispute)**
                            **Please see Exhibit 32 (post dispute)**

**q)  ALEJANDRO ACOSTA**    **Date of Status Changed from 10/2017 to 03/2018**
                            **First Reported Changed from 10/2017 to 03/2018**
                            **Please see Exhibit 33 (prior to dispute)**
                            **Please see Exhibit 34 (post dispute)**

ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit information.  ARS and EXPERIAN are penalizing Plaintiffs for exercising their statutory right to dispute inaccurate information on their credit reports.  ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

67.     The date of status date should be the day the debt was deemed uncollectable.  ARS changes those dates to re-age the account and EXPERIAN allows ARS to re-age the account by changing the date of status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of status" entry to mean exactly that")

68.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013)("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

69.     EXPERIAN and ARS should have discovered the misleading information if they would have provided a good faith reasonable investigation and corrected the information.  They are communicating information they know or should know to be inaccurate. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

70.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

71.     The re-aging and manipulating of the dates artificially lowered Plaintiff's credit score more than if the accounts were being reported accurately as well as making

the accounts seem more recently delinquent than they really are to potential creditors, causing her damage.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

72.     ARS violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f.  Defendant falsely and deceptively re-aged the alleged accounts on Plaintiff's credit report. ARS intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged accounts in order to collect a debt.  By re-aging dates, ARS has intentionally violated 15 U.S.C. §1692 by false and deceptively re-aged accounts in order to collect a debt, which is an unfair and unconscionable act. The more recent the delinquency, the more it negatively effects credit ratings and scores.

73.     Plaintiffs disputed information regarding their ARS accounts with and through EXPERIAN, on the following dates:

    a) **MELISSA FIKES**        **Disputed ARS Acct# 735441xx on Feb 2, 2018**

    b) **DONTAE TEEL**        **Disputed ARS Acct# 72008098 on May 31, 2017**

    c) **FERNANDO FUENTES**  **Disputed   ARS   Accts#   80003699,   80507797, 83432832 on Nov 8, 2017**

    d) **ILIANA LOPEZ**        **Disputed ARS Accts# 73650433 and 74443363 on Sept 15, 2017**

    e) **LAURA MARQUEZ**      **Disputed   ARS   Accts#   72169143,   80359042, 81793376 on Aug 23,2017**

    f) **LUIS SERRANO**        **Disputed ARS Acct# 81403497 on Dec 22, 2017**

**g)  MARIELY SUAREZ        Disputed ARS Accts# 74696378 and 75696380 on Nov 27, 2017**

**h)  MARTIZA ALVARADO  Disputed ARS Acct# 82253101 on July 27, 2017**

**i)  MAYRA MARIN          Disputed ARS Acct# 80142953 on Apr 17, 2017**

**j)  MICHELLE NELSON      Disputed ARS Acct# 80100432 on Sept 28, 2017**

**k)  MONIQUE WILCOX       Disputed ARS Acct# 71821711 on May 30, 2017**

**l)  STEVEN MORALES        Disputed   ARS   Accts#   73444604,74039345, 81089044, 81231373, 81642918, 82011431, 82200424, 82514356, 82705985 on Jul 25, 2107**

**m)  TODIEA ROBINSON      Disputed   ARS   Accts#   81381357,   74510611, 74510609 on Jun 5, 2017**

**n)  DARLA NORMAN         Disputed ARS Acct# 73141454 on Sept 26, 2017**

**o)  YARITZA LOPEZ         Disputed ARS Acct# 728746687 on Jul 27, 2017**

**p)  YEMMY GUTIERREZ     Disputed ARS Accts# 80071862 and 81541482 on Oct 31, 2017**

**q)  ALEJANDRO ACOSTA  Disputed ARS Acct# 80165082 and 80535879 on Dec 22, 2017**

Each of these Plaintiffs disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports. ARS and EXPERIAN did not provide a good faith investigation into the disputed accounts as required by the Fair Credit Reporting Act.

74.    The Plaintiffs' obtained new credit reports on the following dates from Experian that displayed their dispute results:

a)  **MELISSA FIKES**          **New Experian report obtained on Mar 13, 2018** displaying the results of their dispute of the ARS account.

b)  **DONTAE TEEL**          **New Experian report obtained on June 16, 2017** displaying the results of their dispute of the ARS account.

c )  **FERNANDO FUENTES**   **New  Experian report obtained on Jan 19, 2018** displaying the results of their dispute of the ARS account.

d)  **ILIANA LOPEZ**          **New Experian report obtained on Nov 06, 2017** displaying the results of their dispute of the ARS account.

e)  **LAURA MARQUEZ**        **New Experian report obtained on Nov 01,2017** displaying the results of their dispute of the ARS account.

f)  **LUIS SERRANO**          **New Experian report obtained on Feb 19, 2018** displaying the results of their dispute of the ARS account.

g)  **MARIELY SUAREZ**        **New Experian report obtained on Jan 19, 2018** displaying the results of their dispute of the ARS account.

h)  **MARTIZA ALVARADO**  **New Experian report obtained on Nov 01, 2017** displaying the results of their dispute of the ARS account.

i)  **MAYRA MARIN**          **New Experian report obtained on Jul 06, 2017** displaying the results of their dispute of the ARS account.

j)  **MICHELLE NELSON**     **New Experian report obtained on Oct 17, 2017** displaying the results of their dispute of the ARS account.

k)  **MONIQUE WILCOX**     **New Experian report obtained on Jun 22, 2017** displaying the results of their dispute of the ARS account.

**l) STEVEN MORALES       New Experian report obtained on Aug 22, 2017 displaying the results of their dispute of the ARS account.**

**m)  TODIEA ROBINSON     New Experian report obtained on Jun 29, 2017 displaying the results of their dispute of the ARS account.**

**n)  DARLA NORMAN        New Experian report obtained on Oct 19, 2017 displaying the results of their dispute of the ARS account.**

**o)  YARITZA LOPEZ       New Experian report obtained on Sept 05, 2017 displaying the results of their dispute of the ARS account.**

**p)  YEMMY GUTIERREZ   New Experian report obtained on Dec 18, 2017 displaying the results of their dispute of the ARS account.**

**q) ALEJANDRO ACOSTA    New Experian report obtained on Mar 16, 2018 displaying the results of their dispute of the ARS account.**

75.     The Plaintiffs received their results on the dates listed above in paragraph 74 and not only did ARS and EXPERIAN not correct, modify or delete the disputed information on Plaintiffs' Experian Credit Reports, but they changed the "Date of Status" and the "First Reported" dates due to Plaintiffs' disputes. The changes for the Plaintiffs were as follows:

**a)  MELISSA FIKES       Date of Status Changed from 01/2018 to 03/2018**
**First Reported Changed from 01/2018 to 03/2018**
**Please see Exhibit 1 (prior to dispute)**
**Please see Exhibit 2 (post dispute)**

**b) DONTAE TEEL          Date of Status Changed from 05/2017 to 06/2017**
**First Reported Changed from 05/2017 to 06/2017**
**Please see Exhibit 3 (prior to dispute)**
**Please see Exhibit 4 (post dispute)**

**c ) FERNANDO FUENTES    Date of Status Changed from 10/2017 to 01/2018**
**First Reported Changed from 10/2017 to 01/2018**

Please see Exhibit 5 (prior to dispute)
Please see Exhibit 6 (post dispute)

**d) ILIANA LOPEZ**                Date of Status Changed from 09/2017 to 10/2017
First Reported Changed from 09/2017 to 10/2017
Please see Exhibit 7 (prior to dispute)
Please see Exhibit 8 (post dispute)

**e) LAURA MARQUEZ**            Date of Status Changed from 07/2017 to 10/2017
First Reported Changed from 07/2017 to 10/2017
Please see Exhibit 9  (prior to dispute)
Please see Exhibit 10 (post dispute)

**f) LUIS SERRANO**                Date of Status Changed from 10/2017 to 02/2018
First Reported Changed from 10/2017 to 02/2018
Please see Exhibit 11 (prior to dispute)
Please see Exhibit 12 (post dispute)

**g) MARIELY SUAREZ**           Date of Status Changed from 11/2017 to 01/2018
First Reported Changed from 11/2017 to 01/2018
Please see Exhibit 13 (prior to dispute)
Please see Exhibit 14 (post dispute)

**h) MARTIZA ALVARADO** Date of Status Changed from 07/2017 to 10/2017
First Reported Changed from 07/2017 to 10/2017
Please see Exhibit 15 (prior to dispute)
Please see Exhibit 16 (post dispute)

**i)  MAYRA MARIN**               Date of Status Changed from 04/2017 to 07/2017
First Reported Changed from 04/2017 to 07/2017
Please see Exhibit 17 (prior to dispute)
Please see Exhibit 18 (post dispute)

**j) MICHELLE NELSON**         Date of Status Changed from 09/2017 to 10/2017
First Reported Changed from 09/2017 to 10/2017
Please see Exhibit 19 (prior to dispute)
Please see Exhibit 20 (post dispute)

**k) MONIQUE WILCOX**         Date of Status Changed from 05.2017 to 06/2017
First Reported Changed from 05.2017 to 06/2017
Please see Exhibit 21 (prior to dispute)
Please see Exhibit 22 (post dispute)

**l) STEVEN MORALES**          Date of Status Changed from 07/2017 to 08/2017
First Reported Changed from 07/2017 to 08/2017
Please see Exhibit 23 (prior to dispute)

**Please see Exhibit 24.1 & 24.2 (post dispute)**

**m) TODIEA ROBINSON** **Date of Status Changed from 04/2017 to 06/2017**
**First Reported Changed from 04/2017 to 06/2017**
**Please see Exhibit 25 (prior to dispute)**
**Please see Exhibit 26 (post dispute)**

**n)  DARLA NORMAN** **Date of Status Changed from 09/2017 to 10/2017**
**First Reported Changed from 09/2017 to 10/2017**
**Please see Exhibit 27 (prior to dispute)**
**Please see Exhibit 28 (post dispute)**

**o)  YARITZA LOPEZ** **Date of Status Changed from 07/2017 to 09/2017**
**First Reported Changed from 07/2017 to 09/2017**
**Please see Exhibit 29 (prior to dispute)**
**Please see Exhibit 30 (post dispute)**

**p)  YEMMY GUTIERREZ** **Date of Status Changed from 09/2017 to 12/2017**
**First Reported Changed from 09/2017 to 12/2017**
**Please see Exhibit 31.1 & 31.2 (prior to dispute)**
**Please see Exhibit 32 (post dispute)**

**q)  ALEJANDRO ACOSTA** **Date of Status Changed from 10/2017 to 03/2018**
**First Reported Changed from 10/2017 to 03/2018**
**Please see Exhibit 33 (prior to dispute)**
**Please see Exhibit 34 (post dispute)**

ARS is changing dates that should not be changed and EXPERIAN is allowing

ARS to change dates based on Plaintiffs' statutory right to dispute inaccurate credit

information.  ARS and EXPERIAN are penalizing Plaintiffs for exercising their

statutory right to dispute inaccurate information on their credit reports.  ARS and

EXPERIAN are re-aging Plaintiffs' ARS accounts with every dispute.

76. The date of status date should be the day the debt was deemed

uncollectable.  ARS changes those dates to re-age the account and EXPERIAN allows

ARS to re-age the account by changing the date of status dates. *Please see Toliver v.*

*EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013)("'Date of

Status' is a date that should mark the day a debt was deemed uncollectible and thus

charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

77.     Re-aging accounts by changing the date of status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013)("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

78.     ARS is re-aging their accounts to hurt Plaintiffs' credit which is an unfair, unconscionable false and misleading debt collection methods in an attempt to collect and alleged debt. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013)(Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

79.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the First Reported Date.  There is only one first reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN. EXPERIAN should know this date.); *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with Sears, the original creditor)

80.      The re-aging and manipulating of the dates artificially lowered Plaintiffs'

credit scores more than if the accounts were being reported accurately as well as making

the accounts seem more recently delinquent than they really are to potential creditors,

causing plaintiffs damage.   The conduct of ARS through the re-aging of accounts and

violating multiple Fair Debt Collection laws is an unfair and unconscionable means to

collect an alleged debt.

> 15 U.S.C. §1692e **"False or Misleading Representation"** reads:
>
>> (10) The use of any false representation or deceptive means to collect
>> or attempt to collect any debt or to obtain information concerning a
>> consumer.
>
> And;
>
> The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;
>
>> A debt collector may not use unfair or unconscionable means to
>> collect or attempt to collect any debt.

81.      Experian has been on notice of their flawed policies and procedures since

*Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013),

however they have failed to fix or correct.   Since *Toliver*, Plaintiff's Counsel has filed

over 20 cases alleging the same and reoccurring failed policies and procedures that allow

data furnishers to re-age the date of status and first reported dates.

82.      The conduct of EXPERIAN and ARS were a direct and proximate cause, as

well as a substantial factor in bringing about the serious injuries, damages and harm to

Plaintiff that are outlined above and, as a result, Defendants are liable to compensate

Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as

well as such other relief, permitted by law.

83.    As a result of Defendants' conduct, Plaintiff has suffered

emotional and mental pain and anguish, and all to Plaintiffs great detriment and loss.

84.    As a result of Defendant's conduct, Plaintiffs have suffered actual damages

and all to Plaintiffs great detriment and loss.

85.    At all times pertinent hereto, Defendants were acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their

agency or employment, and under the direct supervision and control of the Defendant

herein.

86.    At all times pertinent hereto, the conduct of the Defendants, as well as that of

their agents, servants and/or employees, was malicious, intentional, willful, reckless, and

in grossly negligent disregard for federal and state laws and the rights of the Plaintiff

herein.


### DEMAND FOR JURY TRIAL

87.    Plaintiffs demand trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek judgment in Plaintiffs' favor and damages

against the Defendants EXPERIAN and ARS, based on the following requested relief:

(a)    Actual damages pursuant to 15 U.S.C. §1681

(b)    Statutory damages pursuant to 15 U.S.C. §1681

(c)    Punitive damages pursuant to 15 U.S.C. §1681

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n,

§1681o

(e) Actual damages pursuant to 15 U.S.C. §1692k;

(f) Statutory damages pursuant to 15 U.S.C. §1692k;

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

(h)Such other and further relief as may be necessary, just and proper.

Dated:  March 30, 2018

Respectfully submitted,


/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
P.O. Box 1448
Cedar Hill, Texas
Telephone: 817-704-3375
Fax (817) 887-5069
Dennismccartylaw@gmail.com

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
P.O. Box 1448
Cedar Hill, Texas
jonathan@geauxlaw.com
318-412-2777