United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MELISSA FIKES,** *et al.*, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:18-cv-00220-ALM-KPJ |
| **ARS ACCOUNT RESOLUTIONS** and **EXPERIAN INFORMATION SOLUTIONS,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 14, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #26) recommending that Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss") (Dkt. #11) be granted in part and denied in part. *See* Dkt. #32 at 7–8. The Magistrate Judge recommended Plaintiffs' claims be severed, requiring all plaintiffs to replead individually, but that all remaining relief requested by Experian be denied. *See id*.

Plaintiffs Melissa Fikes, Darla Norman, Dontae Teel, Fernando Fuentes, Iliana Lopez, Laura Marquez, Luis Serrano, Mariely Suarez, Martiza Alvarado, Mayra Marin, Michelle Nelson, Monique Wilcox, Steven Morales, Todiea Robinson, Yaritza Lopez, Yemmy Gutierrez, and Alejandro Acosto (collectively, "Plaintiffs") filed an Objection to the Report. *See* Dkt. #28. The Court has made a *de novo* review of the Objections and is of the opinion that

the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Plaintiffs are seventeen individuals who held accounts with ARS Account Resolutions ("ARS"), which were reported on their Experian credit reports. *See* Dkt. #8 at 4–5. Plaintiffs disputed information on their Experian credit reports regarding their ARS accounts with Experian and ARS. *See id*. at 5. Plaintiffs allege that after filing a dispute, Experian allowed ARS to "re-age" their credit reports, by updating the date of the negative credit event to the date of the dispute with ARS and/or Experian. *See id*. at 7. Plaintiffs allege neither ARS nor Experian conducted a good faith investigation into their disputes as required. As a result, Plaintiffs allege ARS and Experian violated the terms of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Federal Fair Debt Collection Act (the "FDCA"), 15 U.S.C. § 1692.

## II. DISCUSSION

Plaintiffs filed Objections to the Report. In essence, Plaintiffs object to the Magistrate Judge's finding that Plaintiffs fail to satisfy Rule 20 for joinder of parties and recommendation that their claims be severed. *See* Dkt. #26 at 6.

**Rules 20 and 21**

Rule 21 of the Federal Rules of Civil Procedures provides:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*.

FED. R. CIV. P. 21 (emphasis added). Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v.*

*Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Because Rule 21 does not itself set out a standard for its application, courts generally look to Rule 20 of the Federal Rules of Civil Procedure for guidance as to whether severance is proper under Rule 21. Rule 20(a)(1) provides that multiple plaintiffs may be joined in one action if:

(A) They assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) Any question of law or fact common to all plaintiffs will arise in the action.

District Courts have broad discretion to sever claims when "different witnesses and documentary proof would be required" to prove each claim, and severance is appropriate if trying the claims together would "confuse the jury due to legal and factual differences." *Texas Farmers Ins. Co. v. Louisiana-Pacific Corp.*, 321 F.R.D. 561, 563–66 (E.D. Tex. June 6, 2017) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010)) (noting that prejudice warrants severance where a single defendant must defend against "multiple claims, with different factual scenarios, in one trial," and where each parties' claim will require presentation of different evidence and witnesses); *see also In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 651–52 (S.D. Tex. June 30, 2005).

In this case, the Magistrate Judge found that "Plaintiffs each held individual accounts with ARS and Experian, individually disputed their claims with Experian, and individually assessed the accuracy of the credit history Experian reported." *See* Dkt. #26 at 6. Upon review, Plaintiffs' claims each arose out of separate transactions and occurrences with ARS and Experian, and, while similar, Plaintiffs' claims bear no relation to one another. Each Plaintiff's claim will require different witnesses and documentary proof to establish the elements of their FCRA claims. To prevail, each Plaintiff must individually establish the disputed information,

as well as the damages they suffered as a result. *See* 15 U.S.C. §§ 1681i(a)(1)(A), 1681o(a)(1), 1681n. As such, upon review, the Court finds no error in the Magistrate Judge's recommendation that Plaintiffs' claims be severed. Accordingly, this objection is **OVERRULED**.

### Judicial Efficiency

Plaintiffs argue the Report failed to consider judicial economy and that multiple lawsuits could create problems that outweigh any alleged inconvenience. *See* Dkt. #28 at 7–8. Not so. Plaintiffs allege that if severed, all seventeen cases will be filed in the Eastern District of Texas. *See id*. at 7. The Court has considered this possibility, and is prepared, if necessary, to consolidate cases to enhance judicial economy and prevent wastefulness of time, energy, and money. Once Plaintiffs refile individual complaints, any party may file a Motion to Consolidate with the Court, allowing the parties to proceed jointly for all pretrial proceedings. Thus, this objection is **OVERRULED**.

### Prejudice to Plaintiffs

Plaintiffs argue the cases cannot be severed if Plaintiffs will be prejudiced by severance. *See* Dkt. #28 at 8. To this point, Plaintiffs state that "it is highly possible that some of the plaintiffs' [] claims will have the statute of limitations run." *See id*. The Court is conscious of Plaintiffs' concerns. However, the concerns are unfounded in this case. As the Fifth Circuit has held, "[s]everance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983). In this case, severance creates seventeen suits where there is presently only one. No claims in this matter shall be dismissed at this stage of litigation, and Plaintiffs' complaints shall be deemed filed as of March

4

30, 2018, the date of Plaintiffs' original Complaint. *See* Dkt. #1. Therefore, as Plaintiffs will suffer no prejudice, this objection is **OVERRULED**.

### III. CONCLUSION

Experian's Motion to Dismiss (Dkt. #11) is hereby **GRANTED IN PART** and **DENIED IN PART**. Experian's request that Plaintiffs' claims be severed is hereby **GRANTED** and all other relief requested is **DENIED**.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall sever Plaintiffs' claims into individual suits. The original Complaint (Dkt. #1) shall be refiled in each matter and shall be **deemed filed as of March 30, 2018**.

**IT IS FURTHER ORDERED** that Plaintiffs' shall individually file Amended Complaints within **30 days** of receipt of this Order. Once filed, the Court will issue an Order Governing Proceedings in each matter, including setting deadlines for the parties' initial disclosures and Rule 16 Conferences.

**IT IS SO ORDERED**.

SIGNED this 15th day of March, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE