IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Laura Marquez

       Plaintiff

v.                                                                  Civil Action No.
                                                                    4:19-cv-192-ALM-KPJ

Healthcare Revenue
Recovery Group, LLC d/b/a
ARS Account Resolution Services

And;                                                                Complaint

                                                                    and;

Experian Information Solutions, Inc.                                Demand for Jury Trial

      Defendants

## <u>THIRD AMENDED COMPLAINT</u>

NOW COMES Plaintiff, Laura Marquez**,** (hereafter the "Plaintiff") by and through undersigned Counsel, whom through this complaint against the Defendants alleges the following:

## <u>PRELIMINARY STATEMENT</u>

1.      This is an action for actual, statutory and punitive damages, costs, and Attorneys' fees brought pursuant to 15 U.S.C. §1681 <u>et</u> <u>seq</u>. (Federal Fair Credit Reporting Act) and for actual, statutory and punitive damages, costs, and Attorneys' fees pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collection Act).

## JURISIDICTION AND VENUE

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. 1692k(d), and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because all defendants in this matter reside in the state of Texas as defined under 28 U.S.C. §1391. Furthermore, Experian Information Solutions, Inc.'s main office, from which the underlying disputes were processed, is in Allen, Texas which is in the Eastern District of Texas. **Healthcare Revenue Recovery Group, LLC d/b/a as ARS Account Resolution Services** is actively collecting debts in Texas, including those of Consumers located in the Eastern District of Texas.

## PARTIES

4.      Plaintiff is a natural person and citizen of the United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3).

5.      Defendant EXPERIAN INFORMATION SOLUTIONS, INC, (hereafter **EXPERIAN**) is a foreign For-Profit Corporation registered to do business and doing business in Texas.  Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6.      Defendant, **Healthcare Revenue Recovery Group, LLC d/b/a as ARS Account Resolution Solutions**, (hereinafter **ARS**), is a "debt collector", as defined by 15 U.S.C §1692a(6) and is engaged in the business with the purpose of which is the collection

2

of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

<u>**FACTUAL ALLEGATIONS**</u>

7.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8.      ARS is a debt collector, attempting to collect an alleged medical debt from Plaintiff.  ARS is attempting to collect on ARS Acct# ****9143, ****9042, and ****3376

9.      Experian is a consumer reporting agency.  Experian assembles, evaluates, and disburses information concerning consumers for the purpose of furnishing consumer reports. In addition, when Experian maintains credit information to be reported/published, the information is used in determining credit scores.

10.      ARS instructed Experian to maintain, publish and report Plaintiff's ARS Acct# ****9143, ****9042, and ****3376

11.      ARS instructed Experian, and Experian allowed ARS to re-age Plaintiff's account reporting on Plaintiff's credit report, **on a monthly basis, as well when Plaintiff disputed his accounts.**  ARS re-aged the account, every month, from the first month they started reporting them to Experian.

12.      ARS is re-aging the accounts by erasing their entire "account/payment history", on a monthly basis.  (Note: "Account History" and "Payment History" have the same meaning and will be used interchangeably throughout this complaint.  ARS provides Experian with their "payment history" and that information is converted and translated to read as "account history" on Experian's credit reports.).   After ARS erases their

payment/account history, Plaintiff's account/payment history consists of only one (1) month, the date of the most recent credit report (it moves monthly), even though the accounts are several years old.  The correct reporting is to report an accounts entire history to show its correct age and to allow it to age properly for purposes of accurate credit scores. ARS does not report their payment/account history when they make their monthly updates to Experian.

13.    Plaintiff disputed information regarding the ARS Acct# ****9143, ****9042, and ****3376  with a dispute letter to EXPERIAN, on 8/23/2017.  Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on Experian's credit report.  ARS and Experian did not provide a good faith investigation into the disputed account as required by the Fair Credit Reporting Act. (Note: Experian uses the terms "Reported Since" and "First Reported" interchangeably on their credit reports and consumer disclosures. Therefore "Reported Since" and "First Reported" will have the same meaning and be used interchangeably throughout this complaint to refer to the same data field in Plaintiff's Experian credit profile.)

14.    Plaintiff obtained a new Experian credit report/disclosure on 11/1/2017 and discovered that not only did Experian and ARS fail to correct the inaccurate information, but they re-aged it again.  The "Date of Status" and the "First Reported" dates were re-aged to correspond to the time of Plaintiff's dispute. The changes for the Plaintiff were as follows:

A)    Date of Status Changed from 7/2017 to 10/2017;
B)    First Reported Changed from 7/2017 to 10/2017

15.    ARS is changing dates that should not be changed and EXPERIAN is allowing ARS to make those changes.   Both the defendants re-aged them to the month and

4

date of Plaintiff's dispute letter.  Plaintiff has a statutory right to dispute inaccurate credit information.  ARS and EXPERIAN are penalizing Plaintiff for exercising a statutory right to dispute inaccurate information.  ARS and EXPERIAN are re-aging Plaintiffs' ARS accounts on a monthly basis.  They are also re-aging the dates with every dispute.

16.     EXPERIAN did not provide a good faith investigation into the ARS Acct# ****9143, ****9042, and ****3376.

17.     Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's data regarding ARS Acct# ****9143, ****9042, and ****3376

18.     ARS did not provide a good faith investigation into the ARS Acct# ****9143, ****9042, and ****3376

19.     ARS is re-aging Plaintiff's accounts by erasing their payment/account history.  Since the account history starts all over, it converts an older delinquency into a much newer delinquency.

20.     ARS erasing their payment/account history is causing Experian's "First Reported and Date of Status" dates to re-age to a fresh and new date, causing damage. Experian's own website admits that the more recent the delinquency, the more it negatively affects credit ratings and scores. Jennifer White, an Experian Consumer Education Specialist, has an article on Experian's website that is titled, "Recent Late Payments Hurt Credit Scores the Most".

21.     EXPERIAN is allowing ARS to erase their payment/account history causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged.

22.     ARS is providing credit information that they know or should know is inaccurate and misleading.

23.     The Date of Status date on the Plaintiff's credit report should reflect the date when the accounts went uncollectible.

24.     The Date First Reported is the first time an account is reported with EXPERIAN, that date should never change.

25.     ARS is falsely and misleadingly reporting the character and/or legal status of these alleged debts by re-aging the accounts.

26.     The Date of Status date should be the day the debt was deemed uncollectable.  ARS changes those dates to re-age the accounts and EXPERIAN allows ARS to re-age the accounts by changing the Date of Status dates. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's EXPERIAN credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

27.     Re-aging accounts by changing the Date of Status dates are misleading. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

28.     EXPERIAN should have discovered the misleading information if they would have provided a good faith reasonable investigation. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's EXPERIAN credit reports contained a "Date of Status" that a reasonable jury could find

misleading, and EXPERIAN "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

29.     ARS also changed the Date "First Reported" and EXPERIAN allowed ARS to change the Date First Reported.  There is only one First Reported date. *Please see Toliver v. EXPERIAN Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 731 (S.D. Tex. 2013) ("First Reported" entry is meant to reflect the date that the creditor first reported the account to EXPERIAN.  EXPERIAN should know this date).; *Please also see Toliver v. EXPERIAN Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 722 (S.D. Tex. 2013) (the "First reported" entry should reflect either the date that LVNV first reported the account on her credit report or the date that the debt was first reported as a major delinquency with ARS, the original creditor)

30.     These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed.  The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions"

31.     The reporting of this credit information on Plaintiffs credit reports negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiffs' credit worthiness.  This information was furnished by ARS and reported by EXPERIAN, misrepresenting the payment/account history and/or status of Plaintiff's accounts, and is currently being reported and is reflected

on Plaintiff's credit reports, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

32.     Plaintiff's credit reports and file have been obtained and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by ARS and reported by EXPERIAN and is continuing to damage the Plaintiff's credit rating.

33.     As a result of conduct of EXPERIAN and ARS, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

34.     As a result of the conduct of Experian and ARS, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

35.     At all times pertinent hereto, Experian and ARS were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

36.     At all times pertinent hereto, the conduct of Experian and ARS, as well as, that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

37.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38.     All causes of action were causes of the damages which Plaintiff suffered.

## Count I: Fair Credit Reporting Act

39.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40.     This suit is brought against the Defendants as the damages made the basis of this suit were caused by their violation of the FCRA.  In all instances of violating the FCRA, Defendants did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

>     (a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
>          (1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>
>          (2)     such amount of punitive damages as the court may allow; and
>
>          (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

>     (a)     Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
>          (1)     any actual damages sustained by the consumer as a result of the failure; and
>
>          (2)     in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### _Experian's FCRA violations_

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     EXPERIAN violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute.

43.     Plaintiff disputed information regarding their ARS Acct# ****9143, ****9042, and ****3376 with and through EXPERIAN, with a detailed dispute letter dated 8/23/2017.

44.     Plaintiff disputed the inaccurate "Date of Status" and "First Reported/Reported Since" dates that were being reported on their EXPERIAN credit reports.  EXPERIAN did not provide a reasonable investigation into the disputed accounts as required by the Fair Credit Reporting Act.

45.     The Plaintiff obtained a new credit report on 11/1/2017 displaying the results of their dispute of the ARS account.

46.     Plaintiff discovered that not only was the account not corrected or deleted, but they were re-aged again.  The "Date of Status" and the "First Reported" dates were re-aged to the month and year of Plaintiffs' dispute. The changes for the Plaintiff were as follows:

PLAINTIFF     A)     Date of Status Changed from 7/2017 to 10/2017;
              B)     First Reported Changed from 7/2017 to 10/2017

47.     EXPERIAN is allowing ARS to re-age the accounts each and every month, as well as when Plaintiff disputed the inaccurate information.

48.     ARS is, and Experian is allowing ARS to re-age Plaintiff's accounts by erasing the account/payment history.  The account/payment history is used to determine

the age of an account. Because the account history starts all over, it converts the older delinquencies into much newer and more recent delinquencies.

49.     EXPERIAN is allowing ARS to erase their account/payment history. The erasing of ARS' account/payment history is causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged to a newer date, causing damage. The more recent the delinquency, the more it negatively effects credit ratings and scores.

50.     If EXPERIAN would have conducted a reasonable and good faith investigation, they should have determined that ARS was erasing their account/payment history, causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged to a newer date.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

   a)  Reinvestigations in case disputed information

   (1) Reinvestigation required

        (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

   And:

   15 U.S.C. §1681i(a)(5) reads:

      (5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

    (i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

    (ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

51.  Experian violated 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian would have followed reasonable procedures to assure maximum accuracy, Experian would not have allowed ARS to re-age their accounts each and every month, as well as when Plaintiff disputed the inaccurate information.

52.  ARS is, and Experian is allowing ARS to re-age Plaintiff's accounts by erasing the account/payment history.  Since the account/payment history starts all over, it converts the older delinquency into a much newer and more recent delinquency.

53.  ARS erasing the account/payment history is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date, causing damage.  The more recent the delinquency, the more it negatively effects credit ratings and scores.

54.  EXPERIAN is allowing ARS to erase their account/payment history, causing Experian's "Date of Status" date, as well as, the "First Reported" date to be re-aged to a newer date.

Section 15 U.S.C. §1681e(b) reads:

(b )Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom The report relates

55.     By re-aging and manipulating of the account/payment history, older delinquencies to report and reflect more current and newer delinquencies, ARS and Experian artificially lowered Plaintiff's credit scores more than if the accounts were being reported accurately.  In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the accounts makes the older accounts look new again and thus at a higher risk for default

### *ARS' FCRA violations*

56.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.     ARS violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute and failing to delete or correct the inaccurate information.  After receiving a dispute notice from EXPERIAN, ARS did not give a good faith and reasonable investigation into the inaccurate information that was disputed by Plaintiff.  ARS should have discovered that the information they are providing Experian was inaccurate.  ARS is re-aging Plaintiff's accounts, converting older delinquencies to new delinquencies, all by erasing the account/payment history.  For ARS to be liable under 15 U.S.C. §1681, Plaintiff must dispute the accounts with EXPERIAN, EXPERIAN then contacts ARS regarding the dispute and ARS should conduct a good faith and reasonable

"investigation" as well and then provides EXPERIAN with corrected credit data or delete the trade line.  The credit data that ARS is providing EXPERIAN is false, misleading and inaccurate and if ARS would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)     conduct an investigation with respect to the disputed information:

(B)     review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)     report the results of the investigation to the consumer reporting agency;

(D)     <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

(i)          modify that item of information
(ii)         delete that item of information
(iii)        permanently block the reporting of
that item of information

58.     ARS erasing the account/payment history is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date, causing

damage.  The more recent the delinquency, the more it negatively effects credit ratings and scores.

59.   By re-aging and manipulating of the account/payment history older delinquencies to report and reflect more current and newer delinquencies, ARS and Experian artificially lowered Plaintiff's credit scores more than if the accounts were being reported accurately.  In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the accounts makes the older accounts look new again and thus at a higher risk for default.

## ***Count II: Fair Debt Collection Act***

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

60.   ARS violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt.

61.   ARS is re-aging Plaintiff's accounts by erasing the account/payment history.   Since the account/payment history starts all over, it converts the older delinquencies into a more recent delinquencies, causing damage.  The more recent the delinquency, the more it negatively effects credit ratings and scores.

62.   ARS erasing the account/payment history is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date.

15 U.S.C. §1692e **"False or Misleading Representation"**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—
  **(A)** the character, amount, or legal status of any debt

63.   ARS violated 15 U.S.C. §1692e(8) by reporting credit information to EXPERIAN that they knew or should have known to be false. ARS reported information to Experian that they know or should have known to be false when they re-aged Plaintiff's account, on a monthly basis, as well as when the accounts were disputed.

64.   ARS is re-aging Plaintiff's accounts by erasing the account/payment history.   Since the account history/payment starts all over, it converts the older delinquencies into a more recent delinquencies, causing damage.   The more recent the delinquency, the more it negatively effects credit ratings and scores.

65.   ARS erasing the account/payment history is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

66.   ARS violated Federal Statutes 15 U.S.C. §1692e(10) and 15 U.S.C §1692f by falsely and deceptively re-aging the account in Plaintiff's credit file and credit report, in order to collect a debt. The more recent the delinquency, the more it negatively effects credit ratings and scores.

16

67.     ARS reported information to Experian that they know or should have known to be false when they re-aged Plaintiff's account, on a monthly basis, as well as when the account was disputed.

68.     ARS is re-aging Plaintiff's account by erasing the account/payment history.   Since the account/payment history starts all over, it converts the older delinquencies into a more recent delinquencies, causing damage.

69.     ARS erasing the account/payment history is causing Experian's "First Reported and Date of Status" dates to re-age to a more recent and newer date.

15 U.S.C. §1692e **"False or Misleading Representation"** reads:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

And;

The section entitled **"Unfair practices"** under 15 U.S.C §1692f reads;

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

70.     By re-aging and manipulating of the account/payment history older delinquencies to report and reflect more current and newer delinquencies, ARS and Experian artificially lowered Plaintiff's credit scores more than if the accounts were being reported accurately.  In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the accounts makes the older accounts look new again and thus at a higher risk for default

17

71.     The conduct of Experian and ARS were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

72.   As a result of Experian and ARS conduct, Plaintiff has suffered emotional and mental pain and anguish, and all to Plaintiffs great detriment and loss.

73.   As a result of Experian and ARS conduct, Plaintiffs have suffered actual damages are all to Plaintiffs great detriment and loss.

74.   At all times pertinent hereto, Experian and ARS were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

75.   At all times pertinent hereto, the conduct of Experian and ARS, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

76.  Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants EXPERIAN and ARS, based on the following requested relief:

(a)    Actual damages pursuant to 15 U.S.C. §1681

18

(b)   Statutory damages pursuant to 15 U.S.C. §1681

(c)   Punitive damages pursuant to 15 U.S.C. §1681

(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n,

§1681o

(e)   Actual damages pursuant to 15 U.S.C. §1692

(f)   Statutory damages pursuant to 15 U.S.C. §1692

(g)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692.

(e)   Such other and further relief as may be necessary, just and proper.

Dated:  March 10, 2020

Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
dennismccartylaw@gmail.com
Telephone: 817-704-3375
Fax (817) 887-5069

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 318-412-2777

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys on record:

Date Signed March 10, 2020

<u>/s/ Dennis McCarty</u>
Dennis McCarty